# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

AARON L. HALL,

    Petitioner,

:

Case No. 1:10-cv-867

-vs-

:

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

    Respondent.

:

## REPORT AND RECOMMENDATIONS

Aaron Hall brought this habeas corpus case *pro se* under 28 U.S.C. § 2254 to obtain release from the imprisonment sentence he is serving in Respondent's custody upon conviction for two counts of robbery. He pleads the following grounds for relief:

> **Ground One:** sentence predicated on unconstitutional statutes is itself void and cannot be grounds for lawful imprisonment.
>
> **Supporting Facts:** any sentences predicated on unconstitutional statues [sic] is itself void and cannot be grounds for lawful imprisonment. In order to exceed the presumptive sentence authorized by law trial court imposed a sentence based upon statutes deemed UNCONSTITUTIONAL. Where a sentence is void because it does not contain a statutorily mandated term, resentencing is the proper remedy.
>
> **Ground Two:** Guilty plea is not binding and manifestly unjust.
>
> **Supporting Facts:** Under Ohio law a guilty plea is binding only when it is A; jointly agree [sic] upon by prosecution and defense B; administered by a judge and C; authorized by law. In this instance trial court exceeded it's [sic] lawful and legal authority and

> jurisdiction when it used findings of "fact" not alleged in the indictment, admitted to by the defendant, or proven by [sic] a jury beyond a reasonable doubt to administer a sentence.
>
> **Ground Three:** Trial court did not prove any prior conviction.
>
> **Supporting Facts:** According to Ohio law, in any instance where a prior conviction is dtermined [sic] to be consideration at sentencing, proof of daid [sic] prior conviction must be made by way of certified copy of judgment in such prior together with evidence sufficient to idntify [sic] the defendant named in the case at bar, is sufficient to prove such prior conviction.

(Petition, Doc. No. 8, PageID 26-27.)

Respondent has moved to dismiss this case with prejudice as barred by the one-year statute of limitations provided in 28 U.S.C. § 2244 (Doc. No. 14). In support of that Motion, Respondent references the following facts shown by the record. Having been indicted on six counts of aggravated robbery with firearm specifications, Petitioner pled guilty on January 25, 2002, to two counts of robbery with an agreed sentence of eight years on each count to be served consecutively. (Motion, Doc. No. 14, Exhibit 8, PageID 80). The next thing that happened in the case was Petitioner's Notice of Appeal and Motion for Delayed Appeal, filed April 27, 2004. *Id.* Ex. 9. That motion was denied June 22, 2004. *Id.* Ex. 10.

On August 29, 2006, Petitioner filed a Motion to Correct a Void Illegal Sentence under Ohio R. Crim. P. 57. *Id.* Ex. 13. He asserted that the sentences in his case were in excess of the presumptive sentences for his offenses and thus unconstitutional under *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). *Id.* at PageID 99. He argued the Ohio Supreme Court's decision in *Foster* followed from the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), and "was inevitable and correct!" *Id.* Judge Bronson overruled the motion on conclusions that (1) an agreed sentence is not subject

to review under Ohio Revised Code § 2953.08, *citing State v. Porterfield,* 106 Ohio St. 3d 5 (2005), and (2) *Foster* only applies to cases pending on direct appeal when it was decided. The Warren County Court of Appeals affirmed on the grounds an agreed sentence was not reviewable. (Judgment Entry, Ex. 23 to Motion, PageID 138.)

On January 16, 2008, Petitioner moved to withdraw his guilty plea on grounds the sentence was unlawful under *Foster*. (Exhibit 27 to Motion, PageID 153-156.) Judge Bronson denied the motion as *res judicata*. *Id.* Ex. 29. On June 15, 2009, the court of appeals dismissed the appeal from that decision on the grounds the appeal was frivolous. *Id.* Ex. 41. The Ohio Supreme Court denied leave to appeal November 4, 2009. *Id.* Ex. 43. Petitioner signed the Petition on December 2, 2010. Respondent concedes Mr. Hall is entitled to the signature date as a presumptive filing date under *Houston v. Lack,* 487 U.S. 266, 270 (1988).

Respondent argues that the Petition is time-barred under 28 U.S.C. § 2244 (d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner was sentenced on January 25, 2002. Under Ohio law he had thirty days in which to file an appeal, but did not do so. The conviction thus became final on direct appeal on February 24, 2002, more than eight years before the Petition was filed.

In response, Petitioner does not claim that any of his post-judgment actions tolled the statute. Instead, he asserts that Ohio judges who used Ohio Revised Code §§ 2929.14(B)(1), 2929.14(E)(4), and 2929.14(B)(2) after *Blakely* and *Foster* acted without jurisdiction, rendering their judgments void (Traverse, Doc. No. 15, PageID 263). Even if that were true, it would be no help to him, because he was sentenced before either *Blakely* (June 24, 2004) or *Foster* (February 27, 2006) was decided. But his proposition of law is also untrue – no legal authority holds that sentencing under those statutes after either *Blakely* or *Foster* deprives the Common Pleas Court of jurisdiction.

And even if those courts were deprived of jurisdiction, that does not mean Petitioner would have a remedy in federal habeas corpus. There is no case decided by the United States Supreme Court which creates a "lack of jurisdiction" exception to the statute of limitations.

Finally, the trial judge in this case did not make findings which were unlawful under *Blakely* or *Foster*. Instead, the judge imposed an agreed sentence well within the statutory limits for robbery.

In sum, Respondent's Motion is well taken and should be granted. It is therefore respectfully recommended that the Petition herein be dismissed with prejudice as time-barred. Because

reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

November 22, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\CASELIST\Hall Habeas R&R.wpd